IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>MY DOCTOR SUGGESTS LLC (d/b/a My Health Supplier), a Utah corporation, GP SILVER LLC, a Utah corporation and GORDON PEDERSEN, an individual,<br><br>      Defendants. | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Case No. 2:20-cv-00279 DBB<br><br>Judge David Barlow |

This matter comes before the court on the United States' Motion for an Ex Parte Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Motion") to restrain Defendants MY DOCTOR SUGGESTS LLC (d/b/a My Health Supplier), GP SILVER LLC, and GORDON PEDERSEN from engaging in ongoing violations of the federal criminal laws. The court has considered the United States' Motion and Memorandum in Support, the exhibits filed therewith, and the supporting declaration and documentation, together with the argument of counsel. Based upon the foregoing, the court makes the following findings:

    1.     This court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper.

    2.     There is good cause to believe that Defendants have violated and are likely to continue engaging in acts or practices that violate 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. §

1343 (wire fraud) and that the United States is therefore likely to prevail on the merits of this action.

3. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud) unless Defendants are restrained and enjoined by order of this court.

4. There is good cause to believe that the harm to Defendants' business during the pendency of the TRO is greatly outweighed by the threat to the health and safety of individuals relying on Defendants' products and the representations regarding those products and to the public generally.

5. Injunctive relief to protect the public interest is expressly authorized by 18 U.S.C. § 1345. The public's interest in receiving accurate medical information, in health-related advertising that is not false, and in health and safety are all supported by this TRO.

6. Pursuant to Federal Rule of Civil Procedure 65(b), the United States has demonstrated that immediate and irreparable injury, loss, or damage will result if notice is given to the Defendants prior to entering this order.

7. No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

**THEREFORE, IT IS HEREBY ORDERED**:

**I.**

The United States' Motion for an Ex Parte Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to 18 U.S.C. § 1345 is GRANTED.

**II.**

Defendants, and any person or entity acting at the direction of or on behalf of either or any of them, are prohibited from destroying, altering, or concealing any documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' assets, finances, or business operations.

**III.**

Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them are prohibited from:

i. committing mail fraud, as defined by 18 U.S.C. § 1341;
ii. committing wire fraud, as defined by 18 U.S.C. § 1343;
iii. using interstate telephone calls, mail or private interstate carrier, or electronic communications, including wire, radio, television and internet publication to:

1. Sell or distribute silver products, including without limitation, silver products sold on behalf of Gordon Pedersen, My Doctor Suggests LLC or GP Silver LLC in interstate commerce;
2. Sell or distribute any silver product that represents, directly or indirectly, expressly or impliedly that it is intended for use in the diagnosis, cure, mitigation, treatment, or prevention of any disease, including, without limitation, products that are intended for use in the diagnosis, cure, mitigation, treatment or prevention of COVID-19.

### IV.

Defendants, their agents, officers, and employees, and all other persons and entities in active concert or participation with them are FURTHER ORDERED to immediately remove any active sales listings for My Doctor Suggests silver products, wherever those listings may appear, including without limitation, on the Defendants' own website (MyDoctorSuggestsStore.com), as well as on third party websites such as Amazon and Shopify.

### V.

Within ten business days of the service of this order, Defendants shall file with this court and serve on the Plaintiff, United States, a sworn accounting of:

a. The proceeds from any silver products sold from January 30, 2020 to present;
b. The disposition and current location of all customer funds received through the sale of silver products from January 30, 2020 to present, and

      c.  Every transaction in which any funds or other assets of any kind have been transferred from Defendants since January 30, 2020.

## VI.

This court shall retain jurisdiction over this action for the purposes of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VII.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this court on Tuesday the 12th of May, 2020 at 10:00 AM (MDT) by teleconference, to show cause, if there is any, why this court should not enter a preliminary injunction, pending final ruling on the Complaint against the Defendant, enjoining the violations of the law alleged in the Complaint, continuing the freeze of Assets, and imposing such additional relief as may be appropriate. Defendants shall contact the court by e-mail at [utdecf_barlow@utd.uscourts.gov](mailto:utdecf_barlow@utd.uscourts.gov) to request instructions about how to appear at the hearing telephonically.

IT IS FURTHER ORDERED that the Defendants shall file with the court and serve on Plaintiff's counsel any responsive pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than Wednesday, May 6, 2020 by 4:00 PM. Plaintiff may file a reply or supplemental pleadings, materials, affidavits, or memoranda with the court and serve the same on Defendants or Defendant's counsel no later than Friday, May 8, 2020 at 4:00 PM.

IT IS FURTHER ORDERED that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

IT IS FURTHER ORDERED that this Order and the Order Freezing Assets must be served upon the Defendants on April 28, 2020.

DATED this 28th day of April, 2020.

BY THE COURT:

_____
DAVID BARLOW
UNITED STATES DISTRICT JUDGE