SPEARE HODGES
SARAH WILLIAMS
Trial Attorneys, Consumer Protection Branch
United States Department of Justice
UNITED STATES OF AMERICA
450 5th Street, N.W. Suite 6400-South
Washington, D.C. 20001

JOHN W. HUBER (7226)
United States Attorney
JOEL A. FERRE, joel.ferre@usdoj.gov (7517)
Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah  84111-2176
Telephone: (801) 325-3317

*Counsel for the United States of America*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MY DOCTOR SUGGESTS LLC, (d/b/a My Health Supplier ) a Utah corporation, GP SILVER LLC, a Utah corporation and GORDON PEDERSEN, an individual,<br><br>　　　　Defendants. | Case No. 2:20-cv-00279 DBB<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT PEDERSEN'S PRO SE FILING (ECF No. 22)**<br><br>Judge: David Barlow |

On April 28, 2020, the Court entered a Temporary Restraining Order, upon finding good cause to believe that Gordon Pedersen and his co-defendants were irreparably harming consumers and committing mail and wire fraud by selling structured silver for protection from coronavirus disease 2019 (COVID-19). ECF No. 8. The Court further ordered Defendants to show cause why a preliminary injunction should not be entered, and submit any written briefing

on or before May 6, 2020. *Id.* Defendant Pedersen did not respond by May 6, 2020. Instead, approximately ten minutes before the preliminary injunction hearing, Pedersen filed a *pro se* written response, and declined to appear. ECF No. 22 at 7. Subsequently, Pedersen refused to even receive mail from the Court's Clerk. ECF No. 32. In his filings, Pedersen did not present evidence or challenge the government's substantive legal positions, and instead asserted two collateral theories based on the extremist sovereign citizen movement: first, that the court has no jurisdiction over him, as a "biological, flesh and blood living man;" and second, that the case should be dismissed because the Government has purportedly violated his rights as an "American National." These defenses are frivolous and should be summarily rejected.

## STANDARD OF REVIEW

*Pro se* filings are construed liberally, giving credit to reasonable arguments even if the litigant fails to cite proper legal authority, confuses legal theories, and uses poor syntax. *Hall v. Bell*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). At the same time, courts should not assume the role of advocate for the *pro se* litigant. *Id.* at 1110. Accordingly, courts should not supply additional facts or construct legal theories on the *pro se* litigant's behalf, and *pro se* litigants are still expected to meet deadlines and follow procedural rules. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## ARGUMENT

Pedersen has not presented any reasonable arguments or facts to refute the extensive evidence that he committed mail and wire fraud by recklessly peddling silver products as a bogus protection for COVID-19 in the midst of a worldwide pandemic. Instead, Pedersen focuses on

the Court's jurisdiction and various purported rights—relying entirely upon patently frivolous arguments from the sovereign citizen movement.

The sovereign citizen movement is an extremist ideology, whose followers assert they have immunity from any law that they choose not to follow. *See United States v. Nissen*, No. CR 19-0077, 2020 WL 1929526 at *21, n.7 (D. New Mexico, April 21, 2020) (unpublished) (explaining the sovereign citizen movement in depth).[1] One of the hallmarks of the sovereign citizen belief system is the conspiracy theory that American citizens have split identities: a dead "corporate shell" or "straw man," created by the government to enslave them, and a real "flesh-and-blood man," or "sovereign" identity, which is beyond any government control. *Id.* If a person can separate his "flesh-and-blood" self from the "corporate shell," he achieves "redemption," a state in which the government has no power over him. *Id.*

Code language is central to the sovereign citizens' ideology, and believers maintain that "just the right combination of words, punctuation, paper, ink color and timing" can achieve "redemption." *Nissen*, 2020 WL 1929526 at *21, n.7. Thus, sovereign citizens' court filings are characterized by strange wording, symbols, and arcane phrases. *Id.* (explaining this as the "legal equivalent of 'abracadabra.'"). For example, sovereign citizens believe using lower case letters to spell their names will differentiate their flesh-and-blood self from the corporate shell "controlled by the government" when their name is spelled in capital letters in government

---

[1] The court cites several cases as well as secondary sources at length, including the Southern Poverty Law Center, available at https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement. *See also* Federal Bureau of Investigation, *Law Enforcement Bulletin: Sovereign Citizens: A Growing Domestic Threat to Law Enforcement*, September 2011, available at https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement (providing background information on this extremist movement); the Anti-Defamation League, Sovereign Citizen Movement, available at https://www.adl.org/resources/backgrounders/sovereign-citizen-movement (same).

documents. *Bey v. State*, 847 F.3d 559, 560-561 (7th Cir. 2017). Similarly, carefully employed colons and hyphens can distinguish the "flesh-and-blood person" from his corporate shell. *See :Rico-S: GIRON; and: David-Wynn: Miller, v. :CHASE HOME MORTGAGE FINAMCE, LLC; et al,* Civ. No. 12-0033, 2012 WL 13001851 at *1, n.2 (D. New Mexico, June 13, 2012) (unpublished) (explaining the history behind this particular "unintelligible, garbled syntax").

Of course, there is no truth in these outlandish theories. *Nissen,* 2020 WL 1929526 at *21, n.7 (observing that sovereign citizens never succeed "for the obvious reason that these theories are not true"). Rather, as the Tenth Circuit has recognized, sovereign citizen arguments are "patently frivolous," *United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014) (unpublished) (following *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)). And, the Tenth Circuit further holds that such arguments should be "summarily" rejected, because even considering them is a waste of judicial resources. *Id.; and see also United States v. Rivera,* No. 14-0579, 2015 WL 4042197 at *19 (D. New Mexico, June 30, 2015) (unpublished) (observing that the federal courts have a "palpable distaste for these arguments" and are "hostile… to even hearing them"); *and Crain v. Com'mr of Internal Rev.,* 737 F.2d 1417, 1417-18 (5th Cir. 1984) ("We perceive no need to refute these arguments with sober reasoning and copious citation of precedent.")[2]

"[T]he idea that an individual's belief in [his] status as a sovereign citizen puts him beyond the jurisdiction of the court has no conceivable validity in American law." *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (unpublished) (citing *United States v. Schneider,*

---

[2] According to Westlaw, *Crain* has been cited over a hundred times, and the Tenth Circuit often quotes it against tax protestors who claim immunity as "sovereign citizens." *See, e.g., Sorenson v. O'Neill*, 73 F. App'x 341, 343 (10th Cir.2003) (unpublished); *Jacobsen v. Comm'r*, 551 F. App'x 950, 952 (10th Cir. 2014) (unpublished); *Mathis v. United States*, 62 Fed. App'x 249, 251 (10th Cir. 2003) (unpublished).

910 F.2d 1569, 1570 (7th Cir. 1990)). This is because, "[j]urisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman… or by the recitals of special words, phrases or arcane incantations." *Talbot v. Utah,* No. 19-cv-00079, 2020 WL 579051 at *5 (D. Utah, February 5, 2020) (unpublished) (citing *Richmond v Wampanoag Tribal Court Cases,* 431 F.Supp.2d 1159, 1182 (D. Utah)). Thus, regardless of an individual's claimed status as a sovereign or flesh-and-blood human being, "that person is not beyond the jurisdiction of the courts." *Sellors*, 572 F. App'x at 632.

Accordingly, this Court should summarily reject Pedersen's arguments. Pedersen first asserts that he is ":Gordon: Hunter-Pedersen… biological, flesh and blood living man…an American State National" and one of the "Protected People" as distinguished from "the DEAD CORPSE, NOM DR GUERRE, GORDON PEDERSEN, fraudulently created by the STATE OF UTAH," and named in the Government's Complaint. ECF No. 22 at 1, 2. That punctuation is meaningless, *Richmond*, 431 F.Supp.2d at 1182; and the distinction—the hallmark of the sovereign citizens movement—has been resoundingly rejected. *Nissen, 2020 WL 1929526 at *21, n.7* (observing that no one has ever succeeded with this theory).

Pedersen further argues that the Court lacks "jurisdiction over the living flesh and blood man, American State National, :Gordon: Hunter-Pedersen." ECF No. 22 at 3-4; *and see also* ECF No. 32 at 2 (refusing to accept mail from the Clerk on jurisdictional grounds). Pedersen could not be more wrong. The Court has personal jurisdiction over him as a Utah resident whose fraudulent operation is based in this state, and the Court has subject matter jurisdiction pursuant to federal statutes, 18 U.S.C. § 1345, and 28 U.S.C. §§ 1331 and 1345. Accordingly, the Court

has a legal authority over Pedersen regardless of his chosen belief system, and regardless of his decision to refuse mail. *Sellors*, 572 F. App'x. at 632; *and see also Nikwei v. Ross School of Aviation Inc.*, 822 F.2d 939, 943-945 (10th Cir. 1987) (affirming default judgment against a defendant who knowingly refused to accept legal documents by mail). Moreover, as this Court has held many times, federal court is not the place for word games, and "simply labelling oneself a 'Sovereign Citizen' does not immunize a person from the jurisdiction or processes of the state or federal courts." *Richmond v Wampanoag Tribal Court Cases,* 431 F.Supp.2d 1159, 1182 (D. Utah 2006) (dismissing a sovereign citizen's jurisdictional arguments); *see also Utah Dept. of Workforce Serv. v. Geddes*, No. 13-cv-24, 2013 WL 1367025 at *2 (D. Utah, April 4, 2013) (unpublished) (same); *Talbot v. Utah,* No. 19-cv-00079, 2020 WL 579051 at *5 (D. Utah, February 5, 2020) (unpublished) (same).

      Similarly, Pedersen's assertions of various purported rights as a sovereign entity—including rights under the 1949 Geneva Convention, International Treaties and Military Lien Rights—are nonsense. ECF No. 22 at 5-7; *and see also* ECF No. 32 at 2 (claiming an assortment of rights as one of the "Protected People engaged in International Trade"). Numerous courts have rejected arguments that sovereign citizens have special rights based on international law. *See, e.g.*, *United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (per curiam) (rejecting the argument that *pro se* litigants were "special, sovereign citizens" under "international jurisdiction"); *Bey v. State*, 847 F.3d 559, 561(7th Cir. 2017) (rejecting the argument that a sovereign citizen has diplomatic immunity from U.S. law); *Bendeck v. U.S. Bank Nat'l Assoc.,* Civ. No. 17-00180, 2017 WL 2726692 at *5 (D. Hawaii, June 23, 2017) (unpublished) (rejecting an assertion of special rights by an "American National" and observing the uniform rejection of

similar theories by courts around the country).  Pedersen's self-described status as an "American National" with "the Protected People" does not make him a separate international entity or entitle him to any special rights as a foreign national. *Sellors*, 572 F. App'x. at 632. Instead, Pedersen has the same Constitutional and procedural rights as any other American citizen before this Court—rights respected throughout the Government's use of legal process under 18 U.S.C. § 1345, and the execution of a lawfully-issued search warrant at Pedersen's home.

## CONCLUSION

Pedersen's *pro se* filing relies upon frivolous arguments from an extremist movement and does not present any serious challenge to the extensive evidence and legal support for injunctive relief. The Court should leave its current orders in place, and, summarily reject Pedersen's arguments.

Respectfully submitted this 27th day of May, 2020.

 /s/   Sarah Williams
SPEARE HODGES, Trial Attorney
SARAH WILLIAMS, Trial Attorney
450 5th Street, N.W. Suite 6400-South
Washington, D.C. 20001

JOEL A. FERRE
Assistant United States Attorney (7517)
111 South Main Street, Suite 1800
Salt Lake City, Utah  84111-2176

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2020, I electronically submitted the foregoing to the Clerk of the Court using the EC/ECF system, which sent electronic notification of such filing all counsel of record in this case. I further certify that on this 27th day of May, 2020, I served a copy of the foregoing on Gordon Pedersen, by first class U.S. mail and e-mail to the following:

>Gordon Pedersen
>4526 Cherry Ct
>Cedar Hills, Utah
>drgordon1959@icloud.com

>/s/ Sarah Williams
>SARAH WILLIAMS, Trial Attorney
>450 5th Street, N.W. Suite 6400-South
>Washington, D.C. 20001