IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MY DOCTOR SUGGESTS LLC (d/b/a My Health Supplier), a Utah corporation, GP SILVER LLC, a Utah corporation and GORDON PEDERSEN, an individual, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [41] DEFENDANT GORDON PEDERSEN'S MOTION TO DISMISS** <br><br><br><br> Case No. 2:20-cv-00279-DBB <br><br> District Judge David Barlow |

This matter is before the court on pro se Defendant Gordon Pedersen's "Notice of Special Appearance Move the Court to Dismiss this Action for Lack of any Jurisdiction and/or Remove this Case to a Constitutional Court"[1] (Motion to Dismiss). Because Pedersen's Motion to Dismiss is without merit, the court DENIES the Motion to Dismiss.

## BACKGROUND

The government sued Defendants seeking a temporary restraining order based on Defendants' alleged violations of 18 U.S.C. § 1341 and 18 U.S.C. § 1343.[2] The government alleges Defendants violated 18 U.S.C. § 1341 and 18 U.S.C. § 1343 by "executing a scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent representation with the intent to defraud" using "the United States mails and/or private or

---

[1] ECF No. 41, filed June 16, 2020.

[2] *See* Complaint, ECF No. 1, filed on April 27, 2020.

commercial interstate carrier"[3] and "wire, radio or television communication in interstate commerce."[4] The alleged scheme or artifice relates to Defendants promoting and selling silver products "based on fraudulent claims of protection against, and treatment for, COVID-19, in the midst of a worldwide pandemic."[5] The government and Defendant My Doctor Suggests agreed to a Stipulated Consent Order and Final Judgment.[6] Defendant My Doctor Suggests is thus not subject to this ruling on Pedersen's Motion to Dismiss.

The court has entered a temporary restraining order and preliminary injunction.[7] Defendant GP Silver has failed to appear in this matter. Defendant Pedersen has moved the court to dismiss with prejudice the action against him for "lack of any evidence of a proven contract on the public record" and for "lack of any evidence proven on the public court record of 'subject matter' or 'personam' jurisdiction."[8]

## STANDARD OF REVIEW

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[9] However, it is not the district court's prerogative to "assume the role of advocate for the pro se litigant."[10]

---

[3] Complaint at ¶ 30; *see* 18 U.S.C. § 1341.

[4] Complaint at ¶ 31; *see* 18 U.S.C. § 1343.

[5] Complaint at ¶ 11.

[6] ECF No. 49, filed June 26, 2020.

[7] *See* Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, ECF No. 8, filed April 28, 2020; Preliminary Injunction Against GP Silver LLC and Gordon Pedersen, ECF No. 24, filed May 12, 2020.

[8] Motion to Dismiss at 1.

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[11] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[12] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[13] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[14]

## DISCUSSION

Pedersen's lengthy motion is not grounded in relevant law and facts. The motion is discursive, but appears to center on two arguments. First, it appears that Pedersen's argument about lack of evidence of a proven contract on the public record relates to his position that the federal government can only regulate alcohol, tobacco, and firearms with respect to American Nationals.[15] He contends that he has not received notice of any violation regarding any of these three substances and thus the government has not provided "verifiable evidence on the public court record" of any violation.[16] He relatedly contends that the government "has not entered any alleged contract into the public court record" that proves that Pedersen, as an American State National, contracted to be identified as Gordon Pedersen.[17] Second, Pedersen avers that he is an

---

[11] Fed. R. Civ. P. 12(b)(6); *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[13] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[15] Motion to Dismiss at 2.

[16] *Id.* at 2–3.

[17] *Id.* at 9.

American National and as such is exempt from this court's jurisdiction.[18] Despite Pedersen's averment that he has not claimed to be a sovereign citizen,[19] he later refers to himself as a Sovereign American Citizen[20] when alleging that this court is misusing his name.[21] Thus, for purposes of Pedersen's Motion to Dismiss, this court does not differentiate between "American National," "American State National," and "Sovereign American Citizen."

Both of Pedersen's arguments and all his various contentions center around his claimed status as an American National. He asserts that as an American National the government does not have jurisdiction over him.[22] That an individual rejects being defined as a United States citizen does not excuse that individual from the jurisdiction of the United States courts. "[A]n individual's belief that [their] status as a 'sovereign citizen' puts [them] beyond the jurisdiction of the courts 'has no conceivable validity in American law.'"[23] Theories about lack of jurisdiction based on sovereign citizenry should be rejected summarily.[24] These types of jurisdictional arguments are "patently frivolous."[25] Both of Pedersen's arguments are jurisdictional arguments arising out of his claimed American National status. They are thus without merit.

---

[18] Motion to Dismiss at 16.

[19] *Id.*

[20] *Id.* at 20.

[21] *Id.*

[22] *See, e.g.*, *id.* at 18.

[23] *Charlotte v. Hansen*, 433 Fed Appx. 660, 661 (10th Cir. 2011) (unpublished) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).

[24] *See United States v. Sellors*, 572 Fed. Appx. 628, 632 (10th Cir. 2014) (unpublished).

[25] *See id.*

In sum, the motion to dismiss is frivolous. It is not supported by facts and law that raise any colorable issue about jurisdiction in this case, much less one that could result in the dismissal of the Complaint.

## CONCLUSION

Defendant Gordon Pedersen's Motion to Dismiss is without merit. Thus the court DENIES the Motion to Dismiss.

Signed February 19, 2021.

BY THE COURT

David Barlow
United States District Judge

5